**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

AUG 2 5 2005



CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| EUGENE P. KENT, | CIV 02-4214 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, a Nebraska corporation with its principal office at Mutual of Omaha Plaza, Nebraska | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On August 15, 2005, defendant filed a motion in limine (Doc. 86) to exclude the testimony of plaintiff's expert economist. The motion raises Daubert questions and attacks the economic report prepared by the expert on April 1, 2003. Motions in limine raising Daubert issues should not be first raised on August 15 with the trial beginning on August 29. This is a variation from the typical motion in limine practice. Such last-minute filings do not give proper consideration to the busy trial schedule of the court. They also do not give the opposing party the normal 20 days answering period as to motions. It is, however, true that such filings are not prohibited. I intend to change my standard scheduling order to prohibit such Daubert questions being raised in such fashion in future cases. In addition, the motion and attachments are clearly in violation of D.S.D.LR 7.2(B). The document is 34 pages in length whereas the rule permits 25 pages. No prior approval was ever sought from the court as required by the rule. The court is not required to consider documents or briefs filed in violation of local rules.

The trial brief of defendants (Doc. 84) with no attachments consists of 35 pages, another violation of the local rules of the District of South Dakota. These are not "my rules." These are rules adopted by all the active United States District Judges in the District. Attorneys practicing in federal court should carefully read the rules and follow them.

I will nevertheless consider the motion on the merits. There is no doubt that Dr. Ralph Brown is a very familiar expert witness in the courts of South Dakota. I encountered him when I was practicing law as well. I have read his report and the supplement to it. Like other experts, he assumes certain facts to be true. The challenges to his projected testimony go more to the

weight and value of the evidence, all of which can be attacked in vigorous cross examination. An economic expert is required to look at and use past earnings of the party claiming to be damaged. Thus, the data apparently satisfies Fed.R.Evid. 703. Naturally, there is no certainty that anyone is going to earn a given amount of money each year into the foreseeable future. Past earnings, however, would seem to be the most reliable method of expressing an opinion on future earnings. I do not believe Dr. Brown has ever been prevented by a judge from testifying in a civil case. At least to my knowledge, he has not.

There is no requirement, as defendant suggests, that an expert economist must be knowledgeable about trends in the insurance business or any other business. He is not offered as an expert in the insurance industry. It is correct that his testimony must rest on a reliable foundation. The reasoning or methodology underlying the testimony must be found to be scientifically or otherwise valid and it must be of the type to be properly applied to the facts in issue. Daubert v. Merrell Dow Pharm., Inc, 509 US 579, 592-93 (1993). Daubert endorsed the traditional means of testing evidence in our adversary system rather than any wholesale exclusion of evidence, telling us that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* at 596. It is well known that the judge is required to look at whether the testimony is helpful and whether there is "a fit." I find both requirements to be satisfied under Fed.R.Evid. 702 and Daubert. Fed.R.Evid. 104(a) determines the procedure to be used by the trial court in deciding the admissibility question. All that is involved is a "preliminary assessment." Daubert at 482. The court is directed to focus on the methodology and not on the conclusions of the expert. *Id.* at 484. *See also* Kuhmo Tire Co. v. Carmichael, 526 U.S. 137, 151 (1999). The court should be mindful of the paramount role of the jury as the fact finder, using the adversarial process as a finder of truth; the court should not take upon itself the process of deciding which of two competing experts is correct. Daubert at 484.

A pre-Daubert case in the Eighth Circuit is nevertheless helpful. In Loudermill v. Dow Chemical Co., 863 F.2d 566, 570 (8th Cir. 1988), the defendant argued that even if the witness in question was qualified to testify as an expert, his opinion was "insufficiently supported by facts, and thus rested entirely upon speculation and conjecture." Defendant here advances the same argument. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination (citing cases). However, if an expert opinion is so

fundamentally unsupported that it can offer no assistance to the jury, then the testimony should not be admitted." Id.. If I find in this case, after hearing the evidence, that the expert opinion of Dr. Brown is fundamentally unsupported, I will so instruct the jury and strike the testimony.

I do want to point out that I agree with plaintiff's arguments in his response (Doc. 93) to the motion as to a case cited and relied upon by defendant. Defendant claims the case stands for the proposition that Dr. Brown's testimony should be excluded. Defendant cited Raeickey v. Farmland Industries, Inc., 328 F.3d 389 (8th Cir. 2003), a case which dealt with Nebraska law. Defendant has told this court in its brief that the appellate court held that the admission of "lost profits through an expert's mouth" was reversible error. Later on the same page, defendant refers to "the plaintiff's expert" as presenting evidence. The truth of the matter is that the plaintiffs had no experts and there was no "expert's mouth", contrary to what defendant tells the court in its brief. Plaintiffs testified as to raw data. "This testimony, unsupported by expert testimony or financial data, demonstrates several material variables and does not support a lost profits award with any certainty." Id. at 399 (emphasis supplied). "The oral testimony of Robert and Greg Racicky on lost profits involved mere speculation and conjecture. No independent experts testified to the Racickys' lost profits. No business records supporting lost profits were offered. Without financial data establishing profitability, the lost profits award cannot stand." Id. at 398 (emphasis supplied). The case stands for the very opposite of what defendant has contended.

The motion should be denied.

Now, therefore,

IT IS ORDERED that the motion in limine (Doc. 86) is denied.

Dated this 25th day of August, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:_____
        (SEAL)      DEPUTY